■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND MACKSON, Appellant. [635 NYS2d 674] —Appeal by the

defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered May 19, 1994, convicting him of robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant struck and knocked the victim, a senior citizen, to the ground before stealing the victim's wallet, checkbook, and $140 in cash. As the defendant was running from the scene, two police officers were alerted to his presence by a school bus matron who, while passing by the officers, pointed out the defendant and stated that he had just robbed someone. When the defendant failed to heed the officers' command to stop, they gave chase, apprehending and arresting him as he attempted to secrete himself beneath a parked truck. A search of his person revealed the items stolen from the victim.

The defendant argues that the items recovered from his person should have been suppressed as the fruit of an arrest without probable cause. However, based on the totality of the facts before them, the officers possessed probable cause to arrest the defendant (see, People v Chipp, 75 NY2d 327, cert denied 498 US 833; People v De Bour, 40 NY2d 210; People v Hicks, 38 NY2d 90; People v Pacifico, 95 AD2d 215). The reliability of the information supplied by the bus matron, the defendant's central point of contention, was shown by, inter alia, her ready identifiability, which exposed her to further questioning and possible prosecution for supplying false information, and the independent observations of the officers, which were consistent with her statement (see, People v Bigelow, 66 NY2d 417; People v Hicks, supra; People v Pacifico, supra). Thus, the court did not err by admitting the physical evidence.

The court did not err in denying the defendant's request for a missing witness charge concerning the bus matron. Although, due to the court's summary denial of the request, the record is not well developed, there is no indication that the matron was either under the "control" of the People or that her testimony would not have been merely cumulative of the victim's (see, People v Gonzalez, 68 NY2d 424).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.